IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LUFTHANSA TECHNIK AG, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-00571-JFH-CDL |
| (1) LIMCO AIREPAIR INC., d/b/a TAT LIMCO THERMAL SOLUTIONS | ) |
| Defendants. | ) |

## COMPLAINT

Lufthansa Technik AG through its attorneys of record, Crowe & Dunlevy, presents claims for monetary damages and does state and allege as follows:

## INTRODUCTION

1. Plaintiff Lufthansa Technik AG and Defendant Limco Airepair Inc., are two corporations that specialize in the maintenance of aircrafts. In 2010, the parties entered into a master maintenance and repair agreement. Under the agreement, Lufthansa would send Limco repair orders for various parts identified in the contract, and Limco would perform various services on said parts. The contract clearly identified a turn-around-time in which Limco was required to perform the contracted services on the specified parts. If Limco failed to meet the turn-around-time, the agreement provided that Limco would be required to pay certain contractual damages. Between 2017 and 2021, Limco failed to meet the turn-around-time on numerous repair orders, thus breaching the parties' agreement. Plaintiff now simply asks this Court to award Plaintiff its damages owed pursuant to the parties' agreement.

## IDENTIFICATION OF PARTIES

2.     Plaintiff Lufthansa Technik AG ("LHT") is a corporation incorporated under the laws of Germany with its principal place of business in Hamburg, Germany.

3.     Defendant Limco Airepair Inc. ("LAI") is a corporation incorporated under the laws of Delaware with its principal place of business in Oklahoma.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because (a) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (b) there is complete diversity between Plaintiff and Defendants.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because this is the judicial district in which all the defendants reside.

## GENERAL FACTUAL ALLEGATIONS

6.     LHT is a company that provides maintenance, repair, and overhaul services for aircrafts around the world.

7.     LAI is also in the aircraft repair business, specializing in the repair, overhaul, and core replacement of heat exchangers, precoolers, condensers, reheaters, oil coolers, water extractors, and ozone converters.

8.     On or around September 1, 2010, LHT and LAI entered into a master Agreement for Maintenance, Repair, and Overhaul (Subcontract) ("Agreement"). The Agreement constituted general terms applicable to all repair orders placed by LHT with LAI for parts and services. The parts subject to the Agreement were listed in Attachment A to the Agreement and included heat exchangers, precoolers, oil coolers, condensers, reheaters, and various other parts. The services

to be performed by LAI were listed in Attachment B and included "receiving inspection, cleaning, removal of all coatings, disassembly, removal of core, install new core, reassembly, testing, apply new coatings, detail and inspect."

9. Pursuant to the Agreement, LHT would issue an individual repair order and deliver the respective items to LAI, and LAI was required by the Agreement to repair, maintain, overhaul, and/or modify the items as the case may be. LAI agreed to accept all repair orders of LHT with respect to the items listed in Attachment A.

10. Attachment A also included a turn-around-time ("TAT"), and pursuant to the Agreement, LAI guaranteed to meet such TATs. The TATs ranged from 10 days to 21 days.

11. The Agreement also provided that in the event the TAT is exceeded, LHT shall be entitled to the payment of 1% of the price listed in Attachment A for each day the TAT is exceeded.

## COUNT I
## Breaches of Contract of Defendants

12. Plaintiff incorporates by reference and re-alleges the information set forth in paragraphs 1-11.

13. Between 2017 and 2021, LHT submitted numerous repair orders to LAI, and LAI failed to deliver the subject parts to LHT within the specified TAT.

14. LAI breached the Agreement and various repair orders by not performing the contracted services within the TAT provided by the Agreement.

15. As a result of LAI's breaches of contract, LHT is believed to have suffered total damages in excess of $75,000.

16. Per the terms of the Agreement, LHT is entitled to recover its attorney fees, costs, and expenses incurred in pursuit of these claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lufthansa Technik AG prays for the following relief:

- damages from the above listed claims for a sum in excess of $75,000;

- punitive damages allowable by law;

- attorneys' fees pursuant to the Agreement, or otherwise allowable by law;

- Plaintiff's recoverable costs;

- and any further relief as the Court and jury deems just and equitable.

Respectfully submitted,

/s/ Deric J. McClellan
Michael J. Gibbens OBA # 3339
Deric J. McClellan OBA # 32827

-Of the Firm-

CROWE & DUNLEVY
A Professional Corporation
222 N. Detroit Ave.
Suite 600
Tulsa, OK 74120
(918) 592-9800
(918) 592-9801 (Facsimile)

ATTORNEYS FOR PLAINTIFF LUFTHANSA TECHNIK AG